IN THE UNITED STATES DISRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA - PHILADELPHIA

| | |
|---|---|
| CHASTA J. LONGWORTH,<br><br>  Plaintiff,<br><br>       v.<br><br>OWEN J. ROBERTS SCHOOL DISTRICT, THE OWEN J. ROBERTS SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS aka THE OWEN J. ROBERTS SCHOOL BOARD, SUSAN LLOYD, Superintendent, RANDALL CUTHBERT, Athletic Director, RICHARD MARCHINI, Director of Pupil Services, and JOESPH MILNES, Director of Special Education,<br><br>Jointly and Severally,<br>  Defendants. | NO. 2:20-CV-06066 |

**COMPLAINT AND JURY DEMAND**

**COMMON ALLEGATIONS:**

1. Plaintiff is Chasta Longworth who at all times relevant hereto resides in Pottstown, Pennsylvania, situate in the Eastern District of Pennsylvania - Philadelphia.

2. Plaintiff is a 46-year-old woman DOB 9-17-1974 and as such is a member of statutorily protected classes in respect to her employment.

3. Plaintiff Chasta Longworth is the parent and natural guardian of KL, a minor, who attends Owen J. Roberts High School. Her daughter, KL, the minor child, has a 504 plan and should also have an IEP due to the child's ADHD, and KL suffers visual impairment, along with other impairments associated with a severe concussion, including short term memory loss, all of which constitutes disabilities. As Plaintiff is related to KL a minor child who attends the Owen J. Roberts School District she is in a protected class, as she is related to a person with disabilities.

4. Defendant Owen J. Roberts School District is located at 901 Ridge Road, Pottstown, Pennsylvania, and is also situate in the Eastern District of Pennsylvania. The Owen J. Roberts Board of School Directors is the operating body of the Owen J. Roberts School District, through its elected officials. At all times relevant to the complaint, the administration and employees of the School District serve at the pleasure of the Owen J. Roberts School District Board of School Directors aka the Owen J. Roberts School Board.

5. Defendant Susan Lloyd is the Superintendent of the Defendant Owen J. Roberts School District, located at 901 Ridge Road, Pottstown, Pennsylvania, and is also situate in the Eastern District of Pennsylvania.

6. Defendant Dr. Randall C. Cuthbert, at all times relevant hereto is the Athletic Director of the Owen J. Roberts School District who was on the hiring team in relation to the position of Head Cheer Coach.

7. Defendant Dr. Richard Marchini, at all times relevant hereto, is the Director of Pupil Services and upon information and belief actively participated in or permitted employees in the District to engage in discriminatory behavior against Plaintiff Chasta Longworth in addition to the other intentionally tortious conduct described herein below and incorporated herein by reference.

8. Dr. Joseph Milnes, at all times relevant to this complaint is the Director of Special Education and upon information and belief actively participated in and permitted employees in the District to engage in discriminatory behavior against Plaintiff Chasta Longworth in addition to the other intentionally tortious conduct described herein below and incorporated herein by reference as if set forth verbatim.

9. In May 2019, Plaintiff asked that her daughter KL be tested by the District for learning disabilities.

10. The District failed or otherwise refused to conduct the requested testing/evaluation citing that they were "too busy" to do so, despite statutory requirements.

11. At the commencement of the 2019/2020 school year Plaintiff renewed her request that her daughter KL be tested/evaluated for learning disabilities.

12. In September 2019, KL, a student at the Owen J. Roberts School District suffered a severe concussion which has not been resolved and she currently suffers visual impairment and short-term memory loss, migraine headaches and other sequalae requiring ongoing treatment.

13. The concussion happened before the District tested her for her learning disabilities, IEP and in light of her injuries also failed to promptly properly execute and follow a 504 plan.  Plaintiff Chasta Longworth hired a lawyer to assist in getting an IEP/504 plan for her daughter. The Owen J. Roberts School District refused to let counsel attend meetings with her.

14. The District's conduct after Plaintiff Chasta Longworth took these steps changed towards her and has become a part of ongoing discriminatory, intimidating and retaliatory conduct that has occurred and continues to occur.

15. On May 13, 2020, Plaintiff Chasta Longworth  applied for the position of High School Head Cheerleading Coach at the Owen J. Roberts High School (Owen J. Roberts School District, 901 Ridge Road, Pottstown, PA  19465).  To be considered for the position it was necessary for Plaintiff Chasta Longworth to submit an application, her resume and to be interviewed. On May 26, 2020, Plaintiff Chasta Longworth was interviewed by the Athletic Director Randall Cuthbert, and the High School Principal Ken Napaver.

16. Plaintiff Chasta Longworth has been/was employed as the OJR Middle School Head Cheer Coach for the school District from year 2018-19, and 2019-20.

17.  Plaintiff Chasta Longworth has over 20 years' experience as a Cheer Coach and also grew the Middle School Cheer Program in the Owen J. Roberts School District (which is the feeder program into the HS program). She doubled the number of students in the Middle School program. She also coached two cheer team competitions and both teams took second-place trophies.  While employed she has had no performance issues.  In applying for the Head Coach

position, she also submitted many solid recommendations relating to her years as the MS Cheer Coach.

18. The Candidate who was hired was under forty (40) years old and had no formal paid coaching experience for this age group of students, nor has she ever been paid in a Middle School or High School coaching position. She also has no experience coaching a cheer team at the competition level.

19. On June 4, 2020, when Plaintiff had not heard a response from Athletic Director Cuthbert regarding her interview, Plaintiff emailed Dr. Cuthbert to inquire about the status of the application. Cuthbert emailed her back and said that he, "decided to move forward with another candidate." Plaintiff learned that same day from an individual, in a telephone call as well as by text that a candidate, Marli Hertzog, a 25-year-old Caucasian female, had been given the job. This is despite the fact that the School Board had not met and authorized that said Marli Hertzog be hired.

20. The Owen J. Roberts School District has a history of not hiring qualified women who are over 40 applying for positions at the school district where there is a younger candidate under 40 with lesser qualifications. The District also tends to hire a male when the selection is between a female candidate and a male candidate.

21. This Cheer hiring was also in part influenced by nepotism/ cronyism which plagues a number of the hiring decisions at the Owen J. Roberts School District as the candidate that was hired is the Daughter of Doug Hertzog an alumni of Owen J. Roberts who played football when he was at the school. And the candidate is also a friend of Kelly Bergan Moyer, a learning support teacher at the Owen J. Roberts School District, who was Hertzog's Cheer Coach at West Chester University.

22. On July 17, 2020, Plaintiff filed a Due Process Complaint on behalf of her Daughter, a minor child to enforce her daughter's rights under FAPE and IDEA/504.

## COUNT I

### Plaintiff Chasta Longworth v. All Defendants
### For Violation of 29 USC 621 to 634, more commonly known as the Age Discrimination in Employment Act of 1967 and the Pennsylvania Human Relations Act 43 PS 951-963

23. Paragraphs 1 through 22 above are hereby incorporated into this Complaint as if fully set forth herein verbatim.

24. The Owen J. Roberts School Board specifically ratified and participated in the discriminatory behavior and the violation of Plaintiff's civil rights as set forth herein below and incorporated herein by reference as if set forth verbatim.

25. The Defendants herein, each of them in refusing to stop their discriminatory and tortious behavior, caused Plaintiff Chasta Longworth injury and harm.

26. As a direct and proximate consequence of Defendants' (each of them jointly and severally) conduct Plaintiff Chasta Longworth suffered the following injury and harm:

    a.   lost employment position;

    b.   lost wages;

    c.   loss of esteem;

    d.   as a result of the aforementioned conduct, the Plaintiff has been caused to sustain emotional suffering anxiety, depression, pain and suffering, mental anguish, psychological trauma, the loss of life's pleasures, lost income, humiliation and shame and may continue to suffer the same for an indefinite time in the future;

    e.   damages for delay;

    f.   punitive damages occasions by individual (non-institutional) Defendants' illegal and discriminatory conduct discussed above and below and incorporated by reference;

    g.   attorney fees permitted by statue.

**WHEREFORE, Plaintiff Chasta Longworth prays for a judgment in her favor and against the Defendants (each of them) for all such relief set forth in the complaint along with punitive damages, delay damages, costs and attorney fees and any such other relief this Court should provide.**

## COUNT II

**Plaintiff Chasta Longworth v. All Defendants**
**Retaliation for Advancing FAPE and 504 Claims and pursuing a Due Process Claim**
**For minor child KL**
**In Violation of Section 504 of the Rehabilitation Act**
**and <u>34 C.F.R. §104.6</u>1 and <u>34 C.F.R. §100.7</u>(e)**

27. Paragraphs 1 through 26 above are hereby incorporated into this Complaint as if fully set forth herein verbatim.

28. Section 504 of the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 394, codified at 29 U.S.C. § 701 et seq., is American legislation that guarantees certain rights to people with disabilities. It was one of the first U.S. federal civil rights laws offering protection for people with disabilities.

29. Section 504 of the Rehabilitation Act prohibits anyone from interfering with the exercise of rights granted by the law to individuals with disabilities. Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964, which "prohibits recipients from intimidating, threatening, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege . . . or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part. "<u>34 C.F.R. §104.61</u> and <u>34 C.F.R. §100.7</u>(e)."

30. Plaintiff Chasta Longworth falls within the anti-retaliation provisions of the statutes discussed in paragraph 28 above as she assisted her daughter to pursue her rights and

interests under the statute.

31. Plaintiff Chasta Longworth was not hired for the High School Cheer position in whole or in part because she sought to enforce her child's rights under FAPE and 504.

32. Before the Due Process Complaint was filed with the Office for Dispute Resolution, the District refused to allow Plaintiff's Counsel to attend scheduled 504 meetings despite Plaintiff's requests. Plaintiff and her Counsel have not been present at any 504 meetings, until after the due process complaint was filed, and only told to sign the plan without receiving input contrary to law.

33. Plaintiff because she happened to work at the High School would be contacted at work at random times by various employees to discuss the request for an IEP and 504 plans for Plaintiff's Minor Child.

34. The District would continue to contact Plaintiff despite being represented by counsel and counsel had requested in writing to not contact Plaintiff at work about her daughter's IEP/504 Issues.

35. Defendants continued their retaliatory behavior in discussing Plaintiff's job performance in the context of her daughter's ODR due process claim and then sending the email to her directly despite being represented by counsel to intimidate Plaintiff making it clear her employment as a manager with a third party food service vendor at the High School was under scrutiny as well.

36. These contacts implied that her performance with the third-party vendor might be impacted because of her pursuing her daughter's rights in FAPE and section 504 of the IDEA.

37. On or about October 28, 2020, an IEP meeting was scheduled during Plaintiff's work hours, as presented as the only time available for the team, and was not offered outside of her work hours. During the course of that meeting it was requested the meeting be continued as there was a fundamental disagreement whether KL had a visual impairment

which had an impact on her ability to learn and would impact her IEP and 504. When discussing when to reschedule for November 5, 2020, the District Employees indicated they could only meet between 10:30 am and 11:30 am., again during Plaintiff's workday. Plaintiff was not offered a time to meet to discuss her daughter's IEP outside of her workday.

38. On November 5, 2020, Plaintiff Chasta Longworth was accosted by her supervisor Heather Bonner for Chartwells indicating that she was made aware by a district employee that Plaintiff Chasta Longworth had an IEP meeting on October 28, 2020, and despite it being explained she was at her work station and available to perform her duties she was verbally counselled to no longer have IEP meetings during work hours. Prior to this contact Heather Bonner did not know Chasta Longworth was trying to obtain an IEP for her daughter. The disclosure of the fact Plaintiff Chasta Longworth was trying to obtain an IEP for her daughter KL violated KL's HIPAA rights and her privacy rights. Once again the aforementioned conduct shows the lengths the District will go to intimidate those who seek relief under the law for their children. To protect her daughter's rights under FAPE/504/IDEA it was necessary to name numerous district employees in Plaintiff's due process complaint.

39. On information and belief, it was the District employee(s) who contacted Heather Bonner, the Plaintiff's direct supervisor for the third-party vendor Chartwell, as a tool to intimidate Plaintiff in light of the pending due process hearing date of November 30, 2020.

40. The District has displayed a pattern of intimidating/retaliatory behavior along various milestones of the IEP and 504 process in an effort to break Plaintiff's resolve.

41. One specific example concerns Plaintiff seeking an accommodation on a 504 plan which had not be superseded by a later approved plan that would permit verbal testing. Plaintiff's daughter requested the accommodation for the test. Plaintiff was informed by the Guidance

Counselor that it was not a part of the 504(it was) and that it would not be permitted. When it was brought to the attention of the attorney the original two 504s had the written accommodation only then was she allowed to proceed with the test. This did not go without the guidance counselor's suggesting the accommodation would not be granted without Plaintiff signing off on the IEP. This conduct is retaliation under FAPE and section 504 of the IDEA as the law deliberately does not take a 'laundry list' approach to retaliation, because unfortunately its forms are as varied as the human imagination will permit. *Knox v. Indiana*, 93 F.3d 1327, 1334 (7th Cir. 1996)

42. At all times relevant to this complaint Plaintiff was the advisor of the Owen J. Roberts Mock Trial Team. This position as an employee with the Owen J. Roberts School District in the 2019-2020 school year was a paid position.

43. The School District in retaliation for and in an effort to get Plaintiff to abandon her daughter's 504/IEP claim, took a job action against Plaintiff and took away the pay associated with her participating as an advisor to the Owen J. Roberts High School Mock Trial team.

44. Plaintiff Chasta Longworth is currently employed as the Owen J. Roberts High School Competition Mock Trial Team Advisor since September 2019. In 2019 this was a paid position. Plaintiff Chasta Longworth is continuing as Mock Trial Advisor for the 2020-21 school year.

45. Defendants herein engaged in a job action against Plaintiff Chasta Longworth and voted against compensating her for her efforts in August 2020 because Chasta Longworth advanced a due process complaint on behalf of her minor child, KL with the Office of Dispute Resolution.

46. Defendants did not change to approve funding for Plaintiff to serve as Advisor to the Mock Trial Competition team until immediately after Plaintiff filed her charge with the EEOC.

47. As a direct and proximate consequence of Defendants (each of them jointly and severally) conduct Plaintiff Chasta Longworth suffered the following injury and harm:

   a. lost employment position;

   b. lost wages;

   c. loss of esteem;

   d. as a result of the aforementioned conduct, the Plaintiff has been caused to sustain emotional suffering anxiety, depression, pain and suffering, mental anguish, psychological trauma, the loss of life's pleasures, lost income, humiliation and shame and may continue to suffer the same for an indefinite time in the future;

   e. damages for delay;

   f. punitive damages occasions by individual (non-institutional) Defendants' illegal and discriminatory conduct discussed above and below and incorporated by reference;

   g. attorney fees permitted by statue.

**WHEREFORE, Plaintiff Chasta Longworth prays for a judgment in her favor and against the Defendants (each of them) for all such relief set forth in the complaint along with punitive damages, delay damages, costs and attorney fees and any such other relief this Court should provide.**

Respectfully submitted,

_Warren A Hampton_
_____
Warren A. Hampton, Esq.
Hampton & McCreary
Pennsylvania ID# 71308
103 Crest Lane
Pottstown, PA 19485
V: 610-850-4598
Email: handmc@aol.com

IN THE UNITED STATES DISRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA - PHILADELPHIA

| | |
|---|---|
| CHASTA J. LONGWORTH,<br><br>  Plaintiff,<br><br>                v.<br><br>OWEN J. ROBERTS SCHOOL DISTRICT, THE OWEN J. ROBERTS SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS aka THE OWEN J. ROBERTS SCHOOL BOARD, SUSAN LLOYD, Superintendent, RANDALL CUTHBERT, Athletic Director, RICHARD MARCHINI, Director of Pupil Services, and JOESPH MILNES, Director of Special Education,<br><br>Jointly and Severally,<br>   Defendants. | NO. 2:20-CV-06066 |

## JURY DEMAND

Plaintiff Chasta Longworth hereby requests a jury of Twelve (12) Jurors.

Respectfully submitted,

_____
Warren A. Hampton, Esq.
Hampton & McCreary
Pennsylvania ID# 71308
103 Crest Lane
Pottstown, PA 19485
V: 610-850-4598
Email handmc@aol.com